**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:99-CR-00071-KDB**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RUSSELL GARNET TURNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 (Doc. No. 333). The Government, through counsel, consents to the requested relief.

In March 2000, Defendant pled guilty to a conspiracy to possess 50 or more grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841 and 846. The parties stipulated that the offense involved at least 50 grams of cocaine base but less than 150 grams, a finding that triggered the enhanced penalties of § 841(b)(1)(A). *See* PSR at ¶¶ 10, 33. Based on that drug weight and the government's filing of an § 851 notice of two prior convictions, Defendant faced a statutory minimum sentence of life imprisonment. *Id.* at ¶ 81.

At sentencing, the court determined—based on the government's concession—that the statutory maximum for Defendant's offense was capped at 30 years under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See* Transcript of Sentencing Hearing (Aug. 13, 2001), at 22–23. Nonetheless, the court applied the mandatory life sentence required under Section 841(b)(1)(A) when setting the then-mandatory guidelines range at equal to the statutory maximum of 360 months. *Id.* at 23-24; *see also* Judgment & Statement of Reasons (Doc. No. 223), at 6 (citing

imprisonment range of life). Based on that determination, the Court imposed the required 360-month sentence. *Id.* at 2.

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

Because Defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accord with Section 841(b)(1)(B)'s statutory penalties, which provide for a 10-year mandatory minimum term of incarceration and a maximum term of life in cases like this one where the government has filed a § 851 notice of prior conviction. If not for Section 841(a)(1)'s mandatory life penalty, Defendant would have been subject to a

sentence under the career-offender guideline, which calls for a range of 262 to 327 months. *See* PSR at ¶ 82; Supplemental PSR (Doc. No. 324), at 1.

The Court notes Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

The Court further notes that the Supplemental PSR reported that, as of November 2015, Defendant had completed numerous educational programs and work assignments while incurring only a few minor disciplinary infractions. *See* Supp. PSR at 2–3. Since that time, his anticipated release date of February 7, 2027, has remained unchanged, which means that he has avoided any significant discipline and earned his full good-time credit during that period as well. *See id.* at 3.

For all these reasons, the Court concludes that Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute"). Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court in its discretion reduces the Defendant's sentence to a term of two-hundred-sixty-two (262) months.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 (Doc. No. 333) is **GRANTED**. The Defendant's sentence is hereby reduced to a term of **TWO-HUNDRED-SIXTY-TWO MONTHS**. All other terms and conditions of the Defendant's Judgment (Doc. No. 223) shall remain in full force and effect.

**SO ORDERED.**

Signed: August 7, 2019

Kenneth D. Bell
United States District Judge